LEHAN, Judge.
Defendant was convicted after a jury trial of unarmed burglary of a dwelling, robbery without a firearm, and two counts of kidnapping without a firearm. We reverse for a new trial because we agree with his argument that the trial court committed reversible error by failing to conduct a Neil inquiry during voir dire.
The venire in this case included two potential black jurors. After the state exercised peremptory challenges to remove those two potential jurors, defendant upon objection carried its initial burden under State v. Neil, 457 So.2d 481 (Fla.1984) to show a likelihood that the challenges had a racial motive, since the effect of the state’s action was to exclude all blacks from the jury. Reynolds v. State, 576 So.2d 1300 (Fla.1991) (defendant’s initial burden satisfied when sole potential black juror excluded by state’s peremptory challenge). See also Green v. State, 572 So.2d 543, 544-45 (Fla. 2d DCA 1990), review denied, 581 So.2d 164 (Fla.1991). The court erred in ruling that defendant had not carried his initial burden to justify a Neil inquiry.
In light of our disposition of this case, we do not address defendant’s remaining points on appeal.
Reversed and remanded for a new trial.
SCHOONOVER, C.J., and DANAHY, J., concur.